```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
```
HAROLD MOHAWK,

               Plaintiff,        MEMORANDUM & ORDER
                                        13-CV-2518(JS)(GRB)
    -against-

WILLIAM FLOYD SCHOOL DISTRICT,

               Defendant.
```
----------------------------------X
```
APPEARANCES
For Plaintiff:        Harold Mohawk, pro se
                         11 Robert Street
                         Mastic, New York 11950

For Defendant:        No appearance

SEYBERT, District Judge:

        Before the Court are the applications of the pro se plaintiff Harold Mohawk ("Plaintiff") to proceed in forma pauperis and for the appointment of pro bono counsel. For the reasons that follow, the application to proceed in forma pauperis is granted and the application for the appointment of pro bono counsel is denied without prejudice and with leave to renew when this case is trial ready.

DISCUSSION

I.   In Forma Pauperis Application

        On April 22, 2013, Plaintiff filed an employment discrimination Complaint pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), against his former employer, William Floyd School District ("Defendant"), accompanied by an application to proceed in forma

pauperis. Upon review of the Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed in forma pauperis is GRANTED. The Clerk of the Court is directed to forward copies of the Summons, Plaintiff's Complaint, and this Order to the United States Marshal Service for service upon the Defendant forthwith.

II. Request for the Appointment of Pro Bono Counsel

Plaintiff also requests that the Court appoint pro bono counsel to represent him in this case. For the reasons set forth below, the application for the appointment of pro bono counsel is denied with leave to renew when the case is ready for trial, if warranted at that time. Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting

2

> evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986). The Second Circuit also held that these factors are not restrictive and that "[e]ach case must be decided on its own facts." Id. at 61.

The Court has reviewed the Complaint and finds that the appointment of pro bono counsel is not warranted at this stage of the litigation. The Court is unable to conclude, at this juncture in the litigation and after considering the above referenced Hodge factors in the context of the Plaintiff's Complaint, that the appointment of pro bono counsel is warranted.

Accordingly, Plaintiff's application for appointment of counsel is DENIED without prejudice and with leave to renew when this case is ready for trial if circumstances warrant such an application at that time.

## CONCLUSION

For the reasons set forth above, the Plaintiff's application to proceed in forma pauperis is GRANTED and his application for the appointment of pro bono counsel is DENIED with leave to renew when this case is ready for trial if so warranted at that time.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

3

that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is denied for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

                                 SO ORDERED.

                                 <u>/s/ JOANNA SEYBERT</u>
                                 Joanna Seybert, U.S.D.J.

Dated:     May <u>  20  </u>, 2013
            Central Islip, New York