```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
HAROLD B. MOHAWK,

                        Plaintiff,
                                              MEMORANDUM & ORDER
         -against-                            13-CV-2518(JS)(GRB)

WILLIAM FLOYD SCHOOL DISTRICT,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:     Harold B. Mohawk, pro se
                   11 Robert Street
                   Mastic, NY 11950

For Defendant:     Howard Marc Miller, Esq.
                   Jessica C. Moller, Esq.
                   Bond, Schoeneck & King
                   1399 Franklin Avenue, Suite 200
                   Garden City, NY 11530
```

SEYBERT, District Judge:

On April 22, 2013, plaintiff Harold B. Mohawk ("Plaintiff"), proceeding pro se, commenced this action against defendant William Floyd School District ("Defendant" or the "District"), alleging employment discrimination based on race under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. Presently before the Court is Defendant's unopposed motion to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendant's motion is GRANTED.

BACKGROUND[1]

I.  Factual Background

Plaintiff is a Native American male who formerly worked for the District as a security guard. (Compl. at 6[2].) Plaintiff alleges that the District terminated him on June 6, 2012 "for stopping Eighth grade student Joseph Innace from continuous assault of [Plaintiff]." (Compl. at 6.) Plaintiff claims that the student "assaulted [him] on 12/11/2011 and 12/21/2011 but wasn't disciplined both times when [he] reported it to the Principal." (Compl. at 6.) Rather, "[a]lthough the student admitted that he assaulted [Plaintiff] to Administrator Janet Gilmor, she terminated [Plaintiff] because [he] refused to except [sic] a bribe to be suspended without pay for two weeks to make false charges disappear." (Compl. at 6.) Plaintiff "explained to the EEOC that [his] termination was due to the student being caucasion [sic] and [Plaintiff] being a dark native american [sic] . . . ." (Compl. at 6.) Plaintiff further alleges that "when the school tried to lie to a state labor judge to stop [him] from receiving unemployment benefits, the judge saw on a school

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

[2] The page numbers of the Complaint refer to those assigned by the Electronic Case Filing System.

video of the incident that they were lying and [Plaintiff] was the only victim."  (Compl. at 6.)

II.  Procedural Background

Plaintiff subsequently filed a charge with the United States Equal Employment Opportunity Commission (the "EEOC").  (Compl. at 4.)  On April 8, 2013, the EEOC issued a Dismissal and Notice of Rights letter, which Plaintiff received on April 15, 2013.  (Compl. at 5, 7-8.)[3]

Plaintiff commenced this action on April 22, 2013 using the form complaint provided to pro se litigants by the Clerk's Office for this District.  The form prompts the litigant, inter alia, to place a check mark(s) next to the alleged discriminatory conduct.  Here, Plaintiff checked off "termination of my employment," "unequal terms and conditions of my employment," and "retaliation."  (Compl. at 3.)

On June 19, 2013, the District filed its motion to dismiss the Complaint for failure to state a cause of action. Plaintiff has not filed an opposition.

---

[3] Plaintiff alleges that he filed his charge with the EEOC on April 22, 2013.  (Compl. at 4.)  This date cannot be correct, however, because the EEOC's Dismissal and Notice of Rights letter pre-dated April 22, 2013 and Plaintiff commenced this action on April 22, 2013.

3

DISCUSSION

The Court will first address the applicable legal standards before turning to the merits of Defendant's motion.

I. Standard of Review under Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

The Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). However, this has been interpreted broadly to include any document attached to

the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

II. Pleading Standard under Title VII

Title VII employment discrimination claims are analyzed using the burden-shifting framework articulated by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). To establish a prima facie case of discrimination under McDonnell Douglas, a plaintiff must show that: "(1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to [an] inference of discrimination." Reynolds v. Barrett, 685 F.3d 193, 202 (2d Cir. 2012) (alteration in the original) (quoting Ruiz v. Cnty. of Rockland, 609 F.3d 486, 491-92 (2d Cir. 2010)).

However, in Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), the Supreme Court held that a plaintiff in an employment discrimination case need not plead facts establishing a prima facie case of discrimination under McDonnell Douglas in order to survive a motion to dismiss.

5

Swierkiewicz, 534 U.S. at 510 ("The prima facie case under McDonnell Douglas . . . is an evidentiary standard, not a pleading requirement.") Rather, "the ordinary rules for assessing the sufficiency of a complaint apply." Id. at 511.

Swierkiewicz preceded Twombly and Iqbal, however, and therefore relied on the more lenient notice pleading standard first articulated in Conley v. Gibson, 355 U.S. 41 (1957), which Twombly and Iqbal rejected. See Swierkiewicz, 534 U.S. at 512 (An employment discrimination complaint "must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" (quoting Conley, 355 U.S. at 47)). Thus, the Second Circuit recently stated that "[t]he pleading standard for employment discrimination complaints is somewhat of an open question in our circuit." Hedges v. Town of Madison, 456 F. App'x 22, 23 (2d Cir. 2012) (summary order). Although it declined to resolve the issue,[4] the Second Circuit did state that "Swierkiewicz's reliance on Conley suggests that, at a minimum, employment discrimination claims must meet the standard of pleading set forth in Twombly and Iqbal, even if pleading a prima facie case is not required." Hedges, 456 F. App'x at 23. Thus, reconciling Swierkiewicz with the standards set forth in Twombly

---

[4] "We need not resolve these conflicts here, however, for Hedges's claims fail any conceivable standard of pleading." Hedges, 456 F. App'x at 23.

6

and Iqbal, in the employment discrimination context, "a complaint need not establish a prima facie case of employment discrimination to survive a motion to dismiss [but] the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim." Barbosa v. Continuum Health Partners, Inc., 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010) (internal quotation marks and citation omitted); accord King v. U.S. Sec. Assocs., Inc., No. 11-CV-4457, 2012 WL 4122025, at *4 (S.D.N.Y. Aug. 22, 2012), adopted by 2012 WL 4327396 (S.D.N.Y. Sept.18, 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; accord Turkman v. Ashcroft, 589 F.3d 542, 546 (2d Cir. 2009). "For this conclusion to be drawn, a plaintiff must allege facts that allow the court in substance to infer elements of a prima facie case." King, 2012 WL 4122025, at *5 (collecting cases).

With these standards in mind, the Court will now turn to the District's motion to dismiss.

III. Defendant's Motion

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or

7

national origin." 42 U.S.C. § 2000e-2(a)(1). As noted above, to establish a prima facie case of discrimination, a plaintiff must show that: "(1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to [an] inference of discrimination." Reynolds, 685 F.3d at 202 (alteration in the original) (quoting Ruiz, 609 F.3d at 491-92).

On a motion to dismiss, "the Court asks only whether a plaintiff has pled a prima facie case, not whether a plaintiff has established that case. Thus, the standard is simply whether plaintiff's complaint, construed liberally, satisfies the federal pleading requirements for a claim of wrongful termination." Hitchins v. N.Y. City Dep't of Educ., No. 11-CV-4180, 2013 WL 1290981, at *3 (E.D.N.Y. Mar. 28, 2013) (emphasis in the original).

The District contends that the Complaint fails to meet the Iqbal/Twombly "plausibility" standard because it does not allege any facts plausibly suggesting that the District terminated Plaintiff because of his race, color, or national origin. (Def.'s Br., Docket Entry 9, at 5.) The Court agrees.

In the Complaint, Plaintiff claims that a Caucasian student assaulted him on December 11 and 21, 2011, and that the District terminated Plaintiff on June 26, 2012 "for stopping [the student]" from assaulting him. (Compl. at 6.) Plaintiff then

8

alleges that he "explained to the EEOC that [his] termination was due to the student being caucasion [sic] and [Plaintiff] being a dark native american [sic] . . . ." (Compl. at 6.) These allegations are conclusory and do not plausibly allege circumstances giving rise to an inference of discrimination. Plaintiff fails to allege any facts, besides his own subjective belief, that plausibly suggest that the altercations with the student and Plaintiff's subsequent termination were in any way connected to his race, color, or national origin. Although Plaintiff alleges that the District did not discipline the student for assaulting Plaintiff and that the District attempted to force Plaintiff into a two-week suspension "to make false charges disappear," (Compl. at 6), these allegations do "little more than cite to [Plaintiff's] mistreatment and ask the court to conclude that it must have been related to his race [color, or national origin]." Hitchins, 2013 WL 1290981, at *4 (quoting Lizardo v. Denny's Inc., 270 F.3d 94, 104 (2d Cir. 2001)). Simply put, there are no facts in the Complaint that allow the Court to draw a reasonable inference that the District discriminated against Plaintiff because of his race, other than that he is a Native American who had an incident with a Caucasian male that precipitated Plaintiff's termination. This allegation will not

9

do. Accordingly, the District's motion to dismiss is GRANTED and Plaintiff's Title VII claim is DISMISSED.[5]

IV. Leave to Replead

The Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999); see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). "However, a district court has the discretion to deny leave to amend where there is no indication from a liberal reading of the complaint that a valid claim might be stated." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

Generally, "when addressing a pro se complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002). Given Plaintiff's pro se status, the Court GRANTS Plaintiff leave to replead.

---

[5] The Court also notes that although Plaintiff also checked off on the form Complaint, "unequal terms and conditions of my employment" and "retaliation," in addition to "termination," as the alleged discriminatory conduct by the District, the Complaint, even liberally construed, contains no facts whatsoever supporting claims of disparate treatment or retaliation. To the extent that Plaintiff intended to bring Title VII claims for disparate treatment or retaliation, those claims are also DISMISSED.

10

CONCLUSION

For the foregoing reasons, the District's motion to dismiss is GRANTED, and Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE and with leave to replead.  If Plaintiff intends to file an Amended Complaint, he must do so within thirty (30) days from the date of this Order.  If he fails to do so, Plaintiff's claim will be dismissed with prejudice.

                                             SO ORDERED.

                                          /s/ JOANNA SEYBERT
                                          Joanna Seybert, U.S.D.J.

Dated:    March   3  , 2014
           Central Islip, NY