```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
HAROLD B. MOHAWK,

                    Plaintiff,
                                        MEMORANDUM & ORDER
          -against-                     13-CV-2518(JS)(GRB)

WILLIAM FLOYD SCHOOL DISTRICT,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:     Harold B. Mohawk, pro se
                   11 Robert Street
                   Mastic, NY 11950

For Defendant:     Howard Marc Miller, Esq.
                   Jessica C. Moller, Esq.
                   Bond, Schoeneck & King, PLLC
                   1010 Franklin Avenue, Suite 200
                   Garden City, NY 11530
```

SEYBERT, District Judge:

Presently before the Court is defendant William Floyd School District's (the "District") motion to dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Entry 16.) For the following reasons, the District's motion is GRANTED.

BACKGROUND

Pro se plaintiff Harold B. Mohawk ("Plaintiff") commenced this action against the District on April 22, 2013, alleging employment discrimination based on race pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. Plaintiff is a Native American male who formerly

worked for the District as a security guard. In his original Complaint, Plaintiff alleged that, during his employment, an eighth grade, Caucasian male student assaulted him on two separate occasions, but that the student was not disciplined even though the assaults were videotaped and the student admitted to a District administrator that he attacked Plaintiff. (Compl. at 6.[1]) Instead, the administrator "terminated [Plaintiff] because [he] refused to except [sic] a bribe to be suspended without pay for two weeks to make false charges disappear." (Compl. at 6.) Plaintiff also claimed that the District lied to a state labor judge to prevent Plaintiff from receiving unemployment benefits. (Compl. at 6.)

On June 19, 2013, the District moved to dismiss the original Complaint for failure to state a claim. (Docket Entry 8.) On March 3, 2014, this Court granted the District's motion and dismissed the Complaint because Plaintiff failed to plausibly allege circumstances giving rise to an inference of discrimination. See Mohawk v. William Floyd Sch. Dist., No. 13-CV-2518, 2014 WL 838162, at *3 (E.D.N.Y. Mar. 3, 2014). However, given his pro se status, the Court granted Plaintiff leave to replead. Id. at *4

---

[1] The page numbers of the Complaint referenced herein are the page numbers generated by the Electronic Case Filing system.

Plaintiff filed an Amended Complaint on March 27, 2014. (Docket Entry 12.) The Amended Complaint contains even less factual detail than the original Complaint. It alleges that "[Plaintiff] was assaulted twice by a student who was white and when [Plaintiff] reported it, [the District] ignored [Plaintiff], retaliated against [him] with termination and tried to bribe [him to be quiet." (Am. Compl. at 4.[2]) On April 30, 2014, the District moved to dismiss the Amended Complaint for failure to state a claim. (Docket Entry 16.) This motion is currently pending before the Court.

DISCUSSION

The Court will first address the applicable legal standards before turning to the merits of Defendant's motion.

I. Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus,

---

[2] The page numbers of the Amended Complaint referenced herein are the page numbers generated by the Electronic Case Filing system.

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

II. Pleading Standard Under Title VII

Title VII employment discrimination claims are analyzed using the burden-shifting framework articulated by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). To establish a prima facie case of discrimination under McDonnell Douglas, a plaintiff must show that: "(1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to [an] inference of discrimination." Reynolds v. Barrett, 685 F.3d 193, 202 (2d Cir. 2012) (alteration in original) (quoting Ruiz v. Cnty. of Rockland, 609 F.3d 486, 491-92 (2d Cir. 2010)).

However, in Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), the Supreme Court held that a plaintiff in an employment discrimination case need

4

not plead facts establishing a prima facie case of discrimination under McDonnell Douglas in order to survive a motion to dismiss. Swierkiewicz, 534 U.S. at 510 ("The prima facie case under McDonnell Douglas . . . is an evidentiary standard, not a pleading requirement.") Rather, "the ordinary rules for assessing the sufficiency of a complaint apply." Id. at 511.

Swierkiewicz preceded Twombly and Iqbal, however, and therefore relied on the more lenient notice pleading standard first articulated in Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), which Twombly and Iqbal rejected. See Swierkiewicz, 534 U.S. at 512 (An employment discrimination complaint "must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" (quoting Conley, 355 U.S. at 47)). Thus, the Second Circuit recently stated that "[t]he pleading standard for employment discrimination complaints is somewhat of an open question in our circuit." Hedges v. Town of Madison, 456 F. App'x 22, 23 (2d Cir. 2012) (summary order). Although it declined to resolve the issue,[3] the Second Circuit did state that "Swierkiewicz's reliance on Conley suggests that, at a minimum, employment discrimination claims must meet the standard of pleading set forth in Twombly and

---

[3] "We need not resolve these conflicts here, however, for Hedges's claims fail any conceivable standard of pleading." Hedges, 456 F. App'x at 23.

5

Iqbal, even if pleading a prima facie case is not required." Hedges, 456 F. App'x at 23. Thus, reconciling Swierkiewicz with the standards set forth in Twombly and Iqbal, in the employment discrimination context, "a complaint need not establish a prima facie case of employment discrimination to survive a motion to dismiss [but] the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim." Barbosa v. Continuum Health Partners, Inc., 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010) (internal quotation marks and citation omitted); accord King v. U.S. Sec. Assocs., Inc., No. 11-CV-4457, 2012 WL 4122025, at *4 (S.D.N.Y. Aug. 22, 2012), adopted by 2012 WL 4327396 (S.D.N.Y. Sept. 18, 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; accord Turkman v. Ashcroft, 589 F.3d 542, 546 (2d Cir. 2009). "For this conclusion to be drawn, a plaintiff must allege facts that allow the court in substance to infer elements of a prima facie case." King, 2012 WL 4122025, at *5 (collecting cases); see also Hitchins v. N.Y. City Dep't of Educ., No. 11-CV-4180, 2013 WL 1290981, at *3 (E.D.N.Y. Mar. 28, 2013) (stating that on a motion to dismiss, "the Court asks only whether a plaintiff has pled a prima facie case, not whether a plaintiff has established that case. Thus, the standard is simply whether plaintiff's complaint, construed liberally,

6

satisfies the federal pleading requirements for a claim of wrongful termination" (emphasis in original))

With these standards in mind, the Court will now turn to the District's motion to dismiss.

III. The District's Motion to Dismiss

The District contends that the Amended Complaint fails to state a cause of action because, like the original Complaint, the Amended Complaint "is based solely on conclusory averments that Plaintiff was discriminated against." (Def.'s Br., Docket Entry 17, at 4.) The Court agrees.

Like the original Complaint, the Amended Complaint fails to provide sufficient facts to support an inference of discrimination. The Amended Complaint rehashes the same conduct alleged in the original Complaint, with less factual detail. Plaintiff alleges that he "was assaulted twice by a student who was white," and that when he reported it, he was ignored, bribed, and retaliated against with termination. (Am. Compl. at 4.) As noted in the Court's Order dismissing the original Complaint, these allegations do "'little more than cite to [Plaintiff's] mistreatment and ask the court to conclude that it must have been related to his race [color, or national origin].'" Mohawk, 2014 WL 838162, at *3 (alterations in original) (quoting Hitchins, 2013 WL 1290981, at *4). Even construed liberally, Plaintiff's "allegations are conclusory and do not plausibly allege

7

circumstances giving rise to an inference of discrimination." Mohawk, 2014 WL 838162, at *3; see also Hitchins, 2013 WL 1290981, at *4. Accordingly, the District's motion to dismiss is GRANTED and the Amended Complaint is DISMISSED.

IV. Leave to Replead

The Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999); see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). "Nonetheless, courts may deny leave to replead where amendment qualifies as futile." Herbert v. Delta Airlines, No. 12-CV-1250, 2014 WL 4923100, at *5 (E.D.N.Y. Sept. 30, 2014) (citing Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)).

Here, the Court granted Plaintiff leave to replead and identified the deficiencies of the original Complaint. See Mohawk, 2014 WL 838162, at *3-4. The Amended Complaint does not correct these deficiencies, and Plaintiff's affidavit opposing the District's motion to dismiss provides no indication that further amendment would be successful. (See Mohawk Aff., Docket Entry 19.) Accordingly, the Court will not grant leave to replead again, and the claims alleged in the Amended Complaint are DISMISSED WITH PREJUDICE. See Herbert, 2014 WL 4923100, at *5 (denying pro se plaintiff leave to amend where amended complaint failed to correct

8

the deficiencies the court had previously identified); Alsaifullah v. Travis, 160 F. Supp. 2d 417, 421 (E.D.N.Y. 2001) ("[A]s the Amended Complaint, by definition, provided plaintiff a second chance to sufficiently plead the facts supporting this action, the court will not permit Plaintiff to replead.").

CONCLUSION

For the foregoing reasons, the District's motion to dismiss the Amended Complaint is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mark this matter CLOSED and to mail a copy of this Memorandum and Order to pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December  15 , 2014
       Central Islip, NY